UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| Byron White United States Courthouse, Clerk of the Court 1823 Stout Street, Denver, Colorado 80257 Team Two Colorado Telephone # (303) 844-3157 | ) ) ) ) <u>     Case Number 12-1385     </u> ) Case No. 10-cv-02596-MSK-CBS ) |

DAVID JACKSON, Pro Se,
      Plaintiff

v.

ERIC KEN SHINSEKI, Secretary, United States Department of Veterans Affairs, and LYNETTE A. ROFF, Director, VA Eastern Colorado HCS
      Defendant(s)

---

**MOTION FOR LEAVE OF COURT TO FILE AMENDED APPELLANT'S REPLY TO APPELLEES'S ANSWER CASE NUMBERS 12-1385**
**[pursuant to Fed. R. App. P. 28(a)]**

---

David Jackson, Pro Se
Plaintiff/Appellant
Address: Homeless:
Mailing Address P.O. Box 471411
Aurora Colorado 80047
Telephone Number: None
E-mail djackson.12@live.com

1. **COMES NOW,** the indigent, Appellant David Jackson, whom is proceeding in the above entitled case pro se, will be hereinafter known as Mr. Jackson. Mr. Jackson motions this Honorable United States Court of Appeals for the Tenth Circuit for Leave of the Court to file an Amended Appellant's Reply to Appellees's Answer Brief pursuant to Fed. R. App. P. 28 (c).

2. **In support of the motion to leave Mr. Jackson shows the Court the following:** through error Mr. Jackson omitted a table of authority when the time to file his Reply Brief had run out. In addition, the district court judge did set a hearing pursuant to Fed. R. Civ. P. 12(i) before she dismissed the Complaint as such Mr. Jackson was not given a full hearing. Because of the complex of the arguments in the Appellees's Answer Brief and because this Circuits Standing Rule not to allow pro se appellant's oral arguments, allowing Mr. Jackson leave to amend his Reply to Appellees's Answer Brief in the instant case would be in the interest of justice to allow Mr. Jackson a more complete hearing on the issues before this Court.

3. The district court's final Judgment is mixed in the district court's opinion over Mr. Jackson's objections and in direct violation of **Fed. R. Civ. P. 52(a)(1)(5).** [1]

---

[1] Fed. R. Civ. P. 52(1) In General. In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the

4.  Rule 46 of Federal Rules of Civil Procedure were intended to articulate a parties' arguments and allow for a full hearing see Beech Aircraft Corp. v. Rainey, 488 U.S. 153, **172-173,** 109 S. Ct. 439, 102 L. Ed. 2d 445, 26 Fed. R. Evid. Serv. 257 (1988).[2]

5.  THE UNITED STATES SUPREME COURT held in Nelson v. Adams USA, Inc., 529 U.S. 460, **469**, 120 S. Ct. 1579, 146 L. Ed. 2d 530, (2000) (Both the majority and the dissent in the Federal Circuit understood that an issue before them concerned the process due after…postjudgment motion. See 175 F.3d at 1349, n. 5 (majority opinion); 175 F.3d at 1352 (Newman, J., dissenting). Our resolution of the case as a matter of due process therefore rests on a ground considered and passed upon by the court below.);

---

record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court. Judgment must be entered under Rule 58…(5) Questioning the Evidentiary Support. A party may later question the sufficiency of the evidence supporting the findings, whether or not the party requested findings, objected to them, moved to amend them, or moved for partial findings.

[2] Beech Aircraft Corp. v. Rainey, 488 U.S. 153, **172-173,** 109 S. Ct. 439, 102 L. Ed. 2d 445, 26 Fed. R. Evid. Serv. 257 (1988)(The common-law "rule of completeness," which underlies Federal Rule of Evidence 106, was designed to prevent exactly the type of prejudice of which Rainey complains. In its aspect relevant to this litigation, the rule of completeness was stated succinctly by Wigmore: "[T]he opponent, against whom a part of an utterance has been put in, **may in his turn complement it** by putting in the remainder, **in order to secure for the tribunal a complete understanding of the total tenor and effect of the utterance.**" 7 J. Wigmore, Evidence in Trials at Common Law § 2113, p. 653 (J. Chadbourn rev. 1978). The Federal Rules of Evidence have partially codified the doctrine of completeness in Rule 106)

6. **Federal Procedural Forms Lawyers Edition -- Action in District Court -- § 1:1143 (2008) page 158 and n-3** states in pertinent parts "party need only state the action that it wants the court to take or objects, along with the grounds for the request or objection. Allowing Mr. Jackson to amend would better facilitate what action Mr. Jackson is requesting of this Court.

I __David Jackson__ declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on March 13, 2013 (date)

_____
David Jackson
P.O. Box 471411
Aurora, Colorado 80047                    March 13, 2013

### CERTIFICATE OF SERVICE

I David Jackson appellant certify that on March 13, 2013 (date) the original of this **MOTION FOR LEAVE OF COURT TO FILE AMENDED APPELLANT'S REPLY TO APPELLEES'S ANSWER CASE NUMBERS 12-1385 [pursuant to Fed. R. App. P. 28(a)]** was filed with the United States Court of Appeals for the Tenth Circuit and a true and accurate Copy was placed in 1st class United State Mail postage prepaid mailed to the following parties on March 13, 2013

1. Mark S. Pestal, Assistant United States Attorney Address: 1225 Seventeenth Street, Suite 700, Seventeenth Street Plaza, Denver Colorado 80202
2. Gregory Matthew, Assistant United States Attorney Address: 1225 Seventeenth Street, Suite 700, Seventeenth Street Plaza Denver Colorado 80202
3. Robert Mark Russel Assistant United States Attorney Address: 1225 Seventeenth Street, Suite 700, Seventeenth Street Plaza Denver Colorado 80202

Dated: March 13, 2013                    _____
                                         Signature
                                         David Jackson, Pro Se Plaintiff/Appellant
                                         Address: Homeless:
                                         Mailing Address P.O. Box 471411
                                         Aurora Colorado 80047